UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GONZALES,

        Plaintiff,                    Civil Action No. 16-cv-14350

        v.                              District Judge Arthur J. Tarnow

COMMISSIONER OF               Magistrate Judge Mona K. Majzoub
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Michael Gonzales seeks judicial review under 42 U.S.C. § 405(g) of Defendant Commissioner of Social Security's determination that he is not entitled to benefits under the Social Security Act. (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 13) and Defendant's Motion for Summary Judgment (docket no. 14). This matter has been referred to the undersigned for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). (Docket no. 4.) Having reviewed the pleadings, the Court dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2) and issues this Report and Recommendation.

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's Motion for Summary Judgment (docket no. 13) be **GRANTED**, that Defendant's Motion for Summary Judgment (docket no. 14) be **DENIED**, and that the case be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).

## II.  PROCEDURAL HISTORY

Plaintiff applied for Disability Insurance Benefits ("DIB") as well as Supplemental Security Income ("SSI"), alleging that he has been disabled since October 20, 2013.  (TR 20.)  The Social Security Administration initially denied Plaintiff's claims on March 4, 2014.  (*Id*.)  On November 23, 2015, Plaintiff appeared with a representative and testified at a hearing before Administrative Law Judge (ALJ) Virginia Trzaskoma Herring.  (TR 35-91.)  On December 10, 2015, the ALJ issued an unfavorable decision on Plaintiff's claims.  (TR 17-34.)  Plaintiff requested a review of the ALJ's decision with the Appeals Council, which was denied on October 21, 2016.  (TR 1-3.)  On December 14, 2016, Plaintiff commenced this action for judicial review, and the parties filed cross motions for summary judgment, which are currently before the Court.  (Docket no. 13; docket no. 14.)

## III.  HEARING TESTIMONY AND MEDICAL EVIDENCE

Plaintiff sets forth a brief procedural history of this matter as well as a short summary of his medical issues.  (Docket no. 13, pp. 6-12.)  In addition, the ALJ summarized Plaintiff's medical record (TR 24-28), and Defendant referred to the evidence of record throughout its summary judgment motion (*see generally* docket no. 14).  Having conducted an independent review of Plaintiff's medical record and the hearing transcript, the undersigned finds that there are no material inconsistencies among these recitations of the record.  Therefore, in lieu of re-summarizing this information, the undersigned will incorporate the above-cited factual recitations by reference and will also make references and citations to the record as necessary to address the parties' arguments throughout this Report and Recommendation.

**IV.     ADMINISTRATIVE LAW JUDGE'S DETERMINATION**

The ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2018 and did not engage in substantial gainful activity since October 20, 2013, the alleged onset date. (TR 22.) In addition, the ALJ found that Plaintiff had the following severe impairments: "degenerative disk disease of the lumbar spine with moderate central canal stenosis and an annular disc bulge at L4-5 with bilateral neuroforaminal stenosis with left being worse than right and mild to moderate bilateral foraminal stenosis at L5-S1 with annular disc bulge; moderate degenerative joint disease of the medial compartment of both knees; and status-post a remote (2010) non-displaced fracture of left proximal tibial metaphysis, medial meniscal tear with a medial collateral ligament strain." (*Id*.) Nevertheless, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (TR 23.) In addition, the ALJ determined that Plaintiff had the Residual Functional Capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), subject to the following limitations:

- Plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently;
- Plaintiff can sit up to six hours in an eight-hour workday;
- Plaintiff can stand and walk up to six hours, each, in an eight-hour workday;
- Plaintiff can have occasional contact with moving machinery
- Plaintiff must avoid environments with unprotected heights;
- Plaintiff cannot work in an environment where the production rate is dictated by an external source, such as an assembly line or conveyor belt; and
- Plaintiff needs to be able to change positions between sitting, standing and walking while remaining at his work station.

(TR 24.) On the basis of this determination, the ALJ posed a hypothetical to the Vocational Expert ("VE"), who testified that Plaintiff is not capable of performing past relevant work, but could perform occupations that exist in significant numbers in the national economy including "bench assembler," "inspector" and "sorter." (TR 29-30.) Consequently, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time since the alleged onset date. (TR 30.)

## V.  LAW AND ANALYSIS

### A.  Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide

the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts"). "But '[a]n ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013) (quoting *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011)).

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [Plaintiff] has the vocational qualifications to perform

5

specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [Plaintiff's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C. Analysis

Plaintiff contends that the ALJ committed three errors.  First, Plaintiff contends that the ALJ failed to properly apply the treating physician rule to the opinion of Dr. Louis Bojrab. (Docket no. 13, p. 12.)  Second, Plaintiff asserts that the ALJ's credibility determination is not supported by substantial evidence.  (*Id.* at 14.)  Finally, Plaintiff argues that the ALJ erred by assigning "little weight" to the opinion of Dr. Luke Kim.  (*Id.* at 19.)

#### 1. Dr. Bojrab

In the section of her decision regarding Plaintiff's residual functional capacity ("RFC"), the ALJ summarized records of Plaintiff's treatment with Dr. Louis Bojrab.  (TR 25-27.)  Dr. Bojrab's records reflect several encounters with Plaintiff between August of 2010 and November of 2014, during which Plaintiff was treated for "lumbar spine disc herniation."  (TR 339-41, 344, 443, 452, 461, 477-493, 738.)  In October of 2013, Dr. Bojrab opined that Plaintiff could work only "4 hours per day maximum."  (TR 553.)  In March of 2014, Dr. Bojrab wrote that Plaintiff could not continue to work in his maintenance job with the University of Michigan.  (TR 536.) Around this time, Dr. Bojrab completed a "Functional Abilities Form," indicating that Plaintiff could walk, stand and sit "as tolerated," could lift 10-20 lbs., could climb 1-2 flights of stairs at a time, could not climb ladders, could drive and use public transportation, was limited to minimal bending/twisting, was limited to minimal work above chest/shoulder level, could not perform forceful or repetitive grasping, could not push/pull, could not kneel or squat, and was limited to

6

minimal operation of motorized equipment.  (TR 540.)   In March of 2015, Dr. Bojrab attested that Plaintiff "cannot keep going on [in his job] with the pain he is in right now" due to "hyperalgesia, disc herniation of the lumbar spine, intense management with procedural interventional pain management and lumbar spine herniations, facet arthropathy of the lumbar spine, and natural resistance to opioids."  (TR 717.)

The ALJ gave Dr. Bojrab's opinions "little weight," reasoning that: (1) whether a claimant is "disabled," "unable to work," "cannot perform a past job," or "meets a Listing" are issues reserved for the Commissioner; (2) Dr. Bojrab's opinions "depart[] substantially from the rest of the evidence of record"; and (3) Dr. Bojrab's opinions appeared to be motivated by "an effort to assist a patient with whom he . . . sympathizes."  (TR 26-27.)  Plaintiff contends that the ALJ erred by giving "little weight" to Dr. Bojrab's opinions and by failing to give "good reasons" for doing so.  (Docket no. 13, p. 12.)

Under the treating physician rule, the Commissioner has mandated that the ALJ "will" give a treating source's opinion controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. § 404.1527(d)(2).  If the ALJ declines to give a treating source's opinion controlling weight, he must then balance the following factors to determine what weight to give it: "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and specialization of the treating source."  *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)).

The ALJ must also "give good reasons in [her] notice of determination or decision for the weight [given to a] treating source's opinion." 20 C.F.R. § 404.1527(d)(2). Such good reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. *Titles II & Xvi: Giving Controlling Weight to Treating Source Med. Opinions*, SSR 96-2P (S.S.A. July 2, 1996). This requirement is not simply a formality; it is meant to "let claimants understand the disposition of their cases, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that he is not." *Cole v. Astrue*, 661 F.3d 931, 937–38 (6th Cir. 2011) (citing *Wilson*, 378 F.3d at 544).

Under the circumstances of this case, the ALJ failed to articulate good reasons for giving only little weight to the opinions of Plaintiff's treating physician, Dr. Louis Bojrab. The ALJ stated three reasons for discrediting Dr. Bojrab's opinion, which will be addressed separately below.

First, the ALJ correctly discounts Dr. Bojrab's opinion that Plaintiff is "unable to continue" his job and limited to working "4 hours per day" because whether Plaintiff is able to work is an issue reserved for the ALJ. 20 C.F.R. § 404.1527(d)(1)-(3). *See also Warner v. Comm'r of Soc., Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("The determination of disability is ultimately the prerogative of the Commissioner, not the treating physician.") However, this factor does not discredit Dr. Bojrab's particularized functional limitations contained on the March 18, 2014 "Functional Abilities Form," which the ALJ declined to cite. (TR 540.)

Next, the ALJ stated that Dr. Bojrab's opinions "depart[] substantially from the rest of the evidence of record." Plaintiff asserts that this "blanket" explanation fails to satisfy the "good

8

reasons" requirement because it does not permit a reviewer to "trace the path of the ALJ's reasoning." (Docket no. 17, p. 7 (citing *Stacey v. Comm'r*, 451 F. App'x 517, 519 (6th Cir. 2011)).) Upon reviewing the medical record, Plaintiff's testimony, and the ALJ's decision, the undersigned agrees. The ALJ's decision is not "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight," and it does not "permit[] meaningful . . . review of the ALJ's application of the [treating physician] rule." *See Wilson*, 378 F.3d at 544.

Defendant asserts that the ALJ satisfied the "good reasons" element because "[i]n addition to stating that the physician's 'opinion . . . departs substantially from the rest of the evidence of record,' the ALJ provided a thorough discussion of that evidence and Plaintiff's testimony in her decision." (Docket no. 15, p. 16.) Defendant relies on *Gaskin v. Comm'r of Soc. Sec.*, 280 F. App'x 472, 475 (6th Cir. 2008), a case in which the Sixth Circuit found the "good reasons" element to be satisfied where "the ALJ clearly stated that he was rejecting [a treating physician's] opinion because it was not supported by the medical evidence—which the ALJ set forth in great detail throughout his opinion." In the present case, however, nothing in the ALJ's decision reveals any conflict between Dr. Bojrab's proposed functional limitations and the "rest of the evidence of record." The ALJ's decision emphasizes Plaintiff's "testimony regarding his continued level of activity," including the fact that Plaintiff "watch[es] over his two-year-old granddaughter when his daughter goes to work," even though Plaintiff "indicated that in the last two weeks there were . . . 3 to 5 days when he could not pick her up." (TR 28.) However, it remains unclear from the ALJ's decision which of Plaintiff's daily activities are inconsistent with the limitations proposed by Dr. Bojrab. Accordingly, this case is not analogous to *Gaskin*, in

9

which the ALJ's logic was apparent by virtue of thorough discussion of evidence that conflicted with the treating physician's opinion.

Defendant attempts to support the ALJ's reasoning by asserting, for example, that Dr. Bojrab "changed his opinion that Plaintiff could work as tolerated for twenty hours a week, to one that included significant limitations and an inability to work at all, without any objective support." (Docket no. 14, p. 13.) However, this is precisely the type of reasoning that the ALJ's decision lacks. The Court "cannot excuse the denial of a mandatory procedural protection simply because . . . there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely." *Wilson*, 378 F.3d at 546. In this regard, the ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole*, 661 F.3d at 939–40 (citing *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009)). A remand under sentence four of 42 U.S.C. § 405(g) is appropriate in situations where the decision maker incorrectly applied the regulations in denying disability benefits. *See Faucher v. Secretary of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994).

### 2. Additional Arguments

Because the undersigned recommends that the case be remanded on the basis of the above discussion, judicial economy favors deferring analysis of Plaintiff's objection to the ALJ's credibility determination and assessment of Dr. Kim's opinion.

## VI.   CONCLUSION

For the reasons stated herein, the court should **GRANT** Plaintiff's Motion for Summary Judgment (docket no. 13) and **DENY** Defendant's Motion for Summary Judgment (docket no.

14), and the case should be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).

## **REVIEW OF REPORT AND RECOMMENDATION**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: February 6, 2018          **s/ Mona K. Majzoub**
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

11

      I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  February 6, 2018        <u>s/ Leanne Hoskng</u>
                                        Case Manager