UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GONZALES,

               Plaintiff,                      CIVIL ACTION NO. 16-cv-14350

           v.                          DISTRICT JUDGE ARTHUR J. TARNOW

COMMISSIONER OF                  MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

               Defendant.
_____/

**REPORT AND RECOMMENDATION**

      Plaintiff Michael Gonzales filed this action seeking judicial review of Defendant's decision denying his applications for Social Security benefits under 42 U.S.C. § 405(g).  (Docket no. 1.) The court remanded the matter for further administrative proceedings.  (Docket nos. 20, 21.) Before the court is Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d).  (Docket no. 23.)  Defendant filed a Response to Plaintiff's Motion (docket no. 24), and Plaintiff filed a Reply to Defendant's Response (docket no. 27).  The Motion has been referred to the undersigned for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket no. 25.)  Because this is a post-judgment matter, the undersigned may only proceed by report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

## I.      RECOMMENDATION

For the reasons that follow, it is recommended that Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d) (docket no. 23) be **DENIED**.

## II.     REPORT

### A.      Procedural History

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income, alleging that he had been disabled since October 20, 2013, due to disc herniation; degenerative disc disease; back spasms; weakness, numbness, and burning in his "lower half;" sciatic problems; his need to use a cane in the mornings; insomnia due to back, hip, knee, and foot pain; complete exhaustion; slight depression; and constant tripping and falling due to shuffling. (TR 20, 203-09, 218-24, 238.)   The Social Security Administration initially denied Plaintiff's claims on March 3, 2014, and Plaintiff requested a *de novo* hearing.   (TR 96-103, 110-11.)   On November 23, 2015, Plaintiff appeared with a representative and testified at the hearing before Administrative Law Judge (ALJ) Virginia (Trzaskoma) Herring.   (TR 35-91.)   In a December 10, 2015 decision, the ALJ found that Plaintiff was not entitled to benefits because he was capable of performing a significant number of jobs in the national economy.   (TR 20-30.)   The Appeals Council declined to review the ALJ's decision.   (TR 1-6.)

Plaintiff filed a timely Complaint for judicial review on December 14, 2016, and the parties subsequently filed cross Motions for Summary Judgment.   (Docket nos. 1, 13, 14.).   On February 6, 2018, the undersigned issued a Report and Recommendation which recommended that Plaintiff's Motion for Summary Judgment be granted, Defendant's Motion for Summary Judgment be denied, and that the case be remanded to the Commissioner pursuant to sentence four of 42

U.S.C. § 405(g).  (Docket no. 19.)  In a February 22, 2018 Order, the District Judge adopted the Report and Recommendation, granted Plaintiff's Motion, denied Defendant's Motion, and remanded this case to the Commissioner for further proceedings consistent with the Report and Recommendation; he also entered a Judgment regarding the same.  (Docket nos. 20, 21.)  Plaintiff now seeks $3,565.00 in attorney's fees under the Equal Access to Justice Act (EAJA).  (Docket no. 23.)

### B.      Law and Analysis

The EAJA provides that a court shall award attorney's fees and expenses to a prevailing party (other than the United States) in any civil action brought against the United States, unless the court finds that the position of the government was substantially justified or that special circumstances exist that would make an award unjust. 28 U.S.C. § 2412(d)(1)(A).  The EAJA also provides that the attorney's fees awarded may not be at a rate of more than $125 per hour, unless the court determines that an increase in the cost of living, or some other special factor, justifies a higher fee.  § 2412(d)(2)(A).  The parties do not dispute that Plaintiff is a prevailing party under § 2412, *see Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993), or that there are no special circumstances that would make an award unjust.  Defendant does contend, however, that EAJA fees are not appropriate because the government's position in this matter was substantially justified.  (Docket no. 24.)

The proper standard for determining whether the government's position was substantially justified is "whether the [g]overnment's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person."  *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  The government bears the burden of making such a showing.  *Scarborough v. Principi*, 541 U.S. 401, 416 (2004).  "The fact that th[e]

court finds a decision of the Secretary not supported by substantial evidence is not equivalent to a finding that the position of the United States was not substantially justified." *Couch v. Sec'y of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984); *see also Anderson v. Comm'r of Soc. Sec.,* 198 F.3d 244 (Table), 1999 WL 1045072, at *5 (6th Cir. Nov. 12, 1999) (unpublished per curium) ("[A]lthough there may be flaws in an ALJ's decision, which require a reversal of the denial of benefits and a remand for further consideration, this does not automatically mean that the Commissioner's decision to defend the ALJ's decision to deny benefits was not 'substantially justified.'"). Likewise, "a position can be justified even though it is not correct." *Pierce*, 487 U.S. at 556 n.2.

Plaintiff asserted in his Motion for Summary Judgment that (1) the ALJ failed to properly apply the treating physician rule to the opinions of Dr. Louis Bojrab; (2) the ALJ's credibility determination was not supported by substantial evidence; and (3) the ALJ erred by assigning "little weight" to the opinion of Dr. Luke Kim. (Docket no. 13 at 12-21.) Defendant countered that (1) the ALJ properly gave little weight to Dr. Bojrab's opinions; (2) the ALJ's credibility finding was supported by substantial evidence; and (3) "[t]he ALJ reasonably afforded little weight to Dr. Kim's opinion because it was not supported by Plaintiff's testimony or objective evidence." (Docket no. 14 at 6-26.)

Most relevant here are the parties' arguments regarding the ALJ's assessment of Dr. Bojrab's opinions, as that is the issue on which this case was remanded. The ALJ gave Dr. Bojrab's opinions "little weight," reasoning that: (1) whether a claimant is "disabled," "unable to work," "cannot perform a past job," or "meets a Listing" are issues reserved for the Commissioner; (2) Dr. Bojrab's opinions "depart[] substantially from the rest of the evidence of record;" and (3)

Dr. Bojrab's opinions appeared to be motivated by "an effort to assist a patient with whom he . . . sympathizes."  (TR 26-27.)

Plaintiff contended in his Motion for Summary Judgment that the ALJ erred by giving "little weight" to Dr. Bojrab's opinions and by failing to give "good reasons" for doing so.  (Docket no. 13 at 12-13.)  Specifically, Plaintiff argued that "the ALJ failed to provide any explanation or basis for her assertion that Dr. Bojrab's opinion is inconsistent with the record."  (*Id*. at 13.) Plaintiff also argued that Dr. Bojrab's opinion *is* consistent with the record and with Dr. Kim's opinion.  (*Id*. at 13-14 (emphasis added).)  Lastly, Plaintiff admitted that some of Dr. Bojrab's opinions were made on issues reserved to the Commissioner but argued that they still cannot be disregarded, as the ALJ did in this case.  (*Id*. at 14.)

Defendant argued that the ALJ properly discounted Dr. Bojrab's October 17, 2013, March 20, 2014, and March 11, 2015 opinions because they were rendered on issues reserved to the Commissioner.  (*Id*. at 9-10.)  Defendant also argued that the ALJ properly discounted Dr. Bojrab's October 23, 2013, November 21, 2013, and March 18, 2014 opinions on the basis that they "depart[ed] substantially from the rest of the evidence of record" because the opinions were unsupported by objective medical evidence and inconsistent with the record as a whole.  To support this argument, Defendant engaged in a lengthy discussion of the record evidence.  (*Id*. at 11-16.) Additionally, Defendant argued that the ALJ met the procedural "good reason" requirement of the treating physician rule because in addition to stating that Dr. Bojrab's opinion "depart[ed] substantially from the rest of the evidence of record," the ALJ provided a thorough discussion of the evidence and Plaintiff's testimony in her decision.  (*Id*. At 16-17.)  Defendant further argued that even if the ALJ violated the treating physician rule, any failure was harmless because the ALJ met the goals of the procedural requirement by indirectly attacking the opinion through her

discussion of the medical evidence and Plaintiff's testimony and because the ALJ adopted some of the limitations assessed by Dr. Bojrab.  (*Id*. at 17-18.)

After considering the parties' arguments, the undersigned found that the ALJ failed to articulate good reasons for giving only little weight to the opinions of Dr. Bojrab.  (Docket no. 19 at 8.)  The undersigned acknowledged that the ALJ correctly discounted Dr. Bojrab's opinions on issues reserved to the Commissioner but noted that those opinions did not discredit the functional limitations assessed by Dr. Bojrab on March 18, 2014, which the ALJ declined to cite.  (*Id*.)  Also, the undersigned reasoned that the ALJ's explanation for discounting Dr. Bojrab's other opinions – that they "depart[ed] substantially from the rest of the evidence of record" – was not sufficiently specific to make clear to any subsequent reviewers the weight that the ALJ gave to Dr. Bojrab's opinions and the reasons for that weight.  (*Id*. at 8-9.)  The undersigned further reasoned that the ALJ's logic in discounting Dr. Bojrab's opinions on the basis that they departed substantially from the record was not apparent from reading the ALJ's discussion of the evidence.  (*Id*. at 9-10.)  And the undersigned commented that Defendant's post-hoc rationalization for the ALJ's assessment was precisely the type of reasoning missing from the ALJ's decision.  (*Id*. at 10.)  The undersigned determined that the ALJ's failure to follow the procedural requirements of the treating physician rule warranted remand, even if the conclusion of the ALJ might be justified based upon the record. (*Id*.)  Therefore, the undersigned recommended that the case be remanded to the Commissioner,[1] and that recommendation was adopted in full.  (*Id*.; docket no. 20.)

Defendant argues that her position was substantially justified and therefore EAJA fees are not appropriate because this case was remanded for an articulation error in the ALJ's decision.

---

[1] Because the undersigned recommended remand on this basis, and in the interest of judicial economy, the undersigned deferred analysis of Plaintiff's objections to the ALJ's credibility determination and assessment of Dr. Kim's opinion. (Docket no. 19 at 10.)

(Docket no. 24 at 4.)   Notably, Defendant argues, the Report and Recommendation did not determine that there was any error in affording little weight to Dr. Bojrab's opinions, but rather that the ALJ did not meet the procedural requirements of the treating physician rule.  (*Id.* at 5.) Defendant argues that the ALJ's decision was defensible, albeit flawed, and a reasonable person could find that her position was correct.  (*Id.* at 5-6.)

In response, Plaintiff admits that a simple error of articulation is not enough to show that the Commissioner lacked substantial justification.  (Docket no. 27 at 2.)  Plaintiff argues, however, that this is not a case in which he prevailed on technical grounds despite an otherwise weak case. (*Id.* at 2, 3.)  Plaintiff argues that he has a strong claim for benefits and cites several examples of evidence in support.  (*Id.* at 3.)  According to Plaintiff, it is unreasonable to argue that someone with his impairments could perform work at the light exertional level.  (*Id.*)  Plaintiff also argues that while his arguments regarding the ALJ's assessments of his credibility and Dr. Kim's opinion were deferred, that does not mean that those arguments did not undermine the Commissioner's position.  (*Id.* at 3-4.)  Therefore, Plaintiff argues, the Commissioner's position lacks substantial justification, and attorney's fees should be awarded accordingly.  (*Id.* at 3.)

The type of error committed by an ALJ is an important factor in determining whether the government's position was substantially justified.  In *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723 (6th Cir. 2014), the district court vacated the ALJ's decision and remanded the case to the Commissioner for the sole reason that the ALJ failed to provide good reasons for the weight that he gave to the claimant's treating physicians – a procedural error.  *Id.* at 724-25, 726-27. Essentially, "[t]he fatal flaw in the ALJ's opinion [wa]s *not* in the weight he found was appropriate for the various medical opinions, but rather in his failure to *explain* his findings adequately."  *Id.* at 727 (emphasis in original, internal quotation marks omitted).  The district court subsequently

7

denied the claimant's motion for EAJA attorney's fees on the basis that the Commissioner's position was substantially justified because the ALJ's decision had been reversed on procedural rather than substantive grounds, among other things. *Id*. at 725. In affirming the district court's decision, the Sixth Circuit provided the following guidance:

> [I]mportantly, remand on procedural grounds may result in yet another denial of benefits, and we might well sustain such a denial on appeal. Accordingly, we hold that an ALJ's failure to provide an adequate explanation for his findings does not establish that a denial of benefits lacked substantial justification. A fully justified position may be poorly explained, and remand may be the most appropriate vehicle for elucidating that position. Thus, although remand on any ground theoretically may support an award of fees under the EAJA, *such an award is not appropriate when nothing about the specific remand at issue implies a lack of substantial justification*.

*Id*. at 727 (emphasis added). The Sixth Circuit further provided that "[i]n the vast majority of cases, a position defending a final administrative decision despite its imperfections will be justified." *Id*. at 728. *See also Glenn v. Comm'r of Soc. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014) ("The government's position in defending the ALJ's analysis might be substantially justified despite remand, for example, where remand was based solely on the ALJ's failure to *explain* his findings adequately."); *Shepard v. Colvin*, No. 12-14386, 2015 WL 6541691, at *2 (E.D. Mich. Oct. 29, 2015) (concluding that plaintiff was not entitled to an award of EAJA fees because ALJ's failure to adequately explain his findings and articulate a possible reconciliation between one of plaintiff's functional limitations and the RFC assessment did not render the government's litigation posture lacking in substantial justification); *Smith v. Colvin*, No. 13-15194, 2015 WL 4104623, at *3 (E.D. Mich. July 8, 2015) (government's position substantially justified and EAJA fees unwarranted where court remanded case because of a procedural error and "nothing about the specific remand at issue implie[d] a lack of substantial justification") (quoting *DeLong*, at 727).

Here, like the district courts in *DeLong, Shepard, and Smith*, the court remanded this case to the Commissioner solely on a procedural ground – because the ALJ failed to articulate good reasons for discounting Dr. Bojrab's opinions.  At no point did the court determine that the ALJ's assessment of Dr. Bojrab's opinions – or any other aspect of her decision – was not supported by substantial record evidence; nor did the court determine that Defendant's position in defending the same was unjustified.  Under the binding precedent in *DeLong*, an award of fees under the EAJA is "is not appropriate when nothing about the specific remand at issue implies a lack of substantial justification."   748 F.3d at 727.   Such is the case here, as nothing in the Report and Recommendation or the court's remand Order suggests that Defendant's position in defending the ALJ's decision was not substantially justified.  Additionally, the record does not strongly establish that Plaintiff is entitled to benefits.   In light of the record and *DeLong* and its progeny, the undersigned finds that Defendant's position in defending the ALJ's decision, despite its articulation error, had a reasonable basis in fact and in law and was therefore substantially justified.

### C.      Conclusion

For the reasons stated herein, Plaintiff's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d) (docket no. 23) should be **DENIED**.

### REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).   Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   Filing objections which raise some issues but fail to raise others with

specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated:  May 28, 2019          s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated:  May 28, 2019          s/ Leanne Hosking
                              Case Manager