UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GONZALES,

    Plaintiff,                    District Judge Arthur J. Tarnow

v.                                    Magistrate Judge R. Steven Whalen

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION RE: ATTORNEY FEES**

Before the Court is Plaintiff's Motion for Authorization of Attorney Fees Pursuant to 42 USC § 406(b)(1) [ECF No. 30], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). I recommend that the motion be GRANTED and that Plaintiff's counsel be awarded attorney fees in the amount of $6,083.00, to be paid out of funds that the Commissioner withheld from Plaintiff's award of past-due benefits.

**I.    FACTS**

On February 6, 2018, Magistrate Judge Mona K. Majzoub entered a Report and Recommendation recommending that this matter be remanded to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g) [ECF No. 19].[1] District Judge Arthur J. Tarnow entered judgment in favor of the Plaintiff on February 22, 2018, remanding the case to the administrative level [ECF No. 21]. The Court denied Plaintiff's motion for fees under the Equal Access to Justice Act on June 26, 2019. [ECF No. 29].

On remand, the Commissioner rendered a decision favorable to the Plaintiff, and

---

[1] The case was reassigned from Judge Majzoub to me on October 4, 2019.

on July 24, 2019 issued a Notice awarding Plaintiff $60,332.00 in past due benefits. Plaintiff's attorney at the administrative level (who is a member of the same law firm as present counsel) requested an attorney fee of $9,000.00. This included benefits awarded as part of a separate application that was filed while this case was pending in federal court.

Plaintiff executed a contingent fee agreement with counsel, agreeing to pay 25% of past due benefits. [ECF No. 30-6, PageID.1015]. The agreement estimated that amount to be $6,000.00.

## II.   DISCUSSION

42 U.S.C. § 406(b) directs that a court may allow a "reasonable fee" for court-related services not exceeding 25 percent of a claimant's past-due benefits. 42 U.S.C. § 406(b)(1)(A). As is typical in Social Security Disability cases, Plaintiff entered into a 25% contingent fee agreement with her attorney. In *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 (2002), the Supreme Court recognized the permissibility of contingent fees within the confines of § 406(b), and subject to judicial review for reasonableness:

> "Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."

*Gisbrecht* rejected the lodestar approach as the measure of reasonableness in a § 406(b) fee petition, *id.* at 806, giving primacy to the contingent fee agreement, but testing its reasonableness "based on the character of the representation and the results the representative achieved."

Counsel in this motion requests a fee of $6,083,00.  Combined with the $9,000.00 fee requested by co-counsel at the administrative level, the total fee requested is $15,083.00.  This is exactly 25 % of the past-due benefits of $60,332.00.  Clearly, counsel obtained excellent results for Plaintiff.  In addition, based on my review of the record, including the contingent fee agreement and Plaintiff's counsel's time log [ECF No. 30-7, PageID.1017-19], I agree that counsel's request is reasonable.

While fees under § 405(b) are ordinarily offset by any award of EAJA fees, *see Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), in this case there was no award of EAJA fees.  Therefore, counsel is entitled to a fee of $6,083.00.

### III.   CONCLUSION

I recommend that Plaintiff's counsel's motion [ECF No. 30] be GRANTED, and that he be awarded $6,083.00, to be paid out of funds that the Commissioner withheld from Plaintiff's award of past-due benefits.

Any objections to this Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.  1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.  1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: November 1, 2019            s/R. Steven Whalen
                                   R. STEVEN WHALEN
                                   UNITED STATES MAGISTRATE JUDGE

### CERTIFICATE OF SERVICE

I hereby certify on November 1, 2019 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants November 1, 2019.

                                   s/Carolyn M. Ciesla
                                   Case Manager for the
                                   Honorable R. Steven Whalen