UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL GONZALES,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 16-14350

SENIOR U. S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER ADOPTING REPORT & RECOMMENDATION [34]; OVERRULING DEFENDANT'S OBJECTION [35]; GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES [30]**

Before the Court is Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [30] filed on August 1, 2019. Defendant filed a Response [31] on August 15, 2019. Plaintiff filed a Reply [32] on August 22, 2019. Plaintiff's Motion [30] was referred to Magistrate Judge R. Steven Whalen for determination of non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A). On November 1, 2019, the Magistrate Judge issued an R&R [34] recommending that Defendant's Motion [30] be granted. (ECF No. 34). Defendant filed an Objection [35] on November 18, 2019. Plaintiff filed a Response [36] on November 22, 2019 and an Addendum [37] on December 19, 2019. For the reasons stated below, the Court **OVERRULES** Defendant's Objection [35] and **ADOPTS** the R&R [34]. Plaintiff's Motion for Attorney Fees [30] is **GRANTED**.

## FACTUAL BACKGROUND

The Magistrate Judge summarized the factual background as follows:

> On February 6, 2018, Magistrate Judge Mona K. Majzoub entered a Report and Recommendation recommending that this matter be remanded to the Commissioner for further proceedings under Sentence Four of 42 U.S.C. § 405(g) [ECF No. 19][1]. District Judge Arthur J. Tarnow entered judgment in favor of the Plaintiff on February 22, 2018, remanding the case to the administrative level [ECF No. 21]. The Court denied Plaintiff's motion for fees under the Equal Access to Justice Act on June 26, 2019. [ECF No. 29].
> On remand, the Commissioner rendered a decision favorable to the Plaintiff, and on July 24, 2019 issued a Notice awarding Plaintiff $60,332.00 in past due benefits. Plaintiff's attorney at the administrative level (who is a member of the same law firm as present counsel) requested an attorney fee of $9,000.00. This included benefits awarded as part of a separate application that was filed while this case was pending in federal court.
> Plaintiff executed a contingent fee agreement with counsel, agreeing to pay 25% of past due benefits. [ECF No. 30-6, PageID.1015]. The agreement estimated that amount to be $6,000.00.

## ANALYSIS

The Court has jurisdiction under 42 U.S.C. §406(b)(1)(A) to "determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The Court must make an independent determination of the reasonableness of any fees awarded pursuant to § 406(b). *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002) (holding that courts may award a reasonable fee not to exceed twenty-five percent of past-due benefits and should consider the character of the

---

[1] The case was reassigned from Judge Majzoub to [Judge Whalen] on October 4, 2019.

representation and the results the representation achieved in determining the reasonableness of a contingency fee agreement).

Here, Plaintiff's counsel worked a total of 17.2 hours representing Plaintiff in federal court and successfully obtained $60,332 in past-due benefits. (ECF No. 30-7); (ECF No. 30-3, PageID.1007). He requests a fee of $6,083. (ECF No. 30, PageID.995). In combination, with the $9,000 fee that was requested at the administrative level, Plaintiff's total requested fee is twenty-five percent of the past-due benefits: $15,083. (ECF No. 36-1). Therefore, the amount of attorney fees requested is reasonable.

Noting that this fee is reasonable under 42 U.S.C. § 406(b), the Magistrate Judge concluded that this Court should grant the requested fee. (ECF No. 34, PageID.1032-33). Defendant objected. The Court's review of the objection is *de novo*. 28 U.S.C. § 636(b)(1)(C).

Plaintiff signed a contingency fee agreement with his counsel for twenty-five percent of past-due benefits. (ECF No. 30-6). Once he received his award, Plaintiff signed a consent letter to this Court authorizing payment to his attorney. (ECF No. 30-2). Defendant "takes no position on the award of attorney's fees under 42 U.S.C. § 406(b). (ECF No. 35, PageID.1038). However, Defendant objects, because the Magistrate Judge failed to discuss "the discrepancy between the amount [Plaintiff's] Counsel requested in attorney's fees at the administrative level and the amount the Notice of Award listed Counsel received in attorney's fees." (*Id.* at 1035). Defendant argues that, because Plaintiff's counsel asked the Social Security Administration (SSA)

to recalculate his administrative award from $6,000 to $9,000, the Court should wait to award benefits until the final award of attorney's fees at the administrative level is determined. (*Id.* at 1036-37).

Plaintiff's Response [36] attaches an exhibit which renders Defendant's objection moot. The exhibit is the SSA's authorization for Plaintiff's counsel to collect an additional $3,660.75 in fees, bringing his administrative award total to $9,000. (ECF No. 36-1). The requested attorney fee of $6,083 is therefore reasonable and approved.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Attorney Fees [30] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's counsel, Jacob C. Bender, is awarded an attorney fee in the amount of $6,083.

**SO ORDERED.**

|  |  |
|---|---|
| Dated: January 26, 2021 | s/Arthur J. Tarnow<br>Arthur J. Tarnow<br>Senior United States District Judge |